|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | WESTERN DISTRICT OF WASHINGTON AT TACOMA |

TAM TRAN,

               Plaintiff,

    v.

DEPARTMENT OF LICENSING,

               Defendant.

CASE NO. 3:22-CV-5926-BHS

REPORT AND RECOMMENDATION

Noting Date: January 6, 2023

      The District Court has referred Plaintiff Tam Tran's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On November 28, 2022, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1. The Court has reviewed Plaintiff's proposed complaint and finds he has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be dismissed without prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

REPORT AND RECOMMENDATION - 1

**Review of the Complaint.** The Court has carefully reviewed the proposed amended complaint in this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In the proposed complaint, Plaintiff states Defendant Washington State Department of Licensing violated his constitutional rights when they suspended his license and required him to place an ignition interlock device in his vehicle. Dkt. 1-1.

***Sua Sponte* Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

1 | content that allows the court to draw the reasonable inference that the defendant is liable for the
2 | misconduct alleged." *Iqbal*, 556 U.S. at 678.

3 | **Analysis of Plaintiff's Claims**. In order to state a claim for relief under 42 U.S.C. §
4 | 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or
5 | created by federal statute, and (2) the violation was proximately caused by a person acting under
6 | color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in
7 | a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed.
8 | *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

9 | To satisfy the second prong, a plaintiff must allege facts showing how individually
10 | named defendants caused, or personally participated in causing, the harm alleged in the
11 | complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,
12 | 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when
13 | committing an affirmative act, participating in another's affirmative act, or omitting to perform an
14 | act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping
15 | conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d
16 | at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the
17 | defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S.
18 | 378, 385-90 (1989).

19 | *Improper Defendant.* In the proposed complaint, Plaintiff names only the Washington
20 | State Department of Licensing as the defendant. Dkt. 1-1. States and state agencies are not
21 | susceptible to suits under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S.
22 | 58, 71 (1989) (holding neither a State nor its officials acting in their official capacities are
23 | "persons" under § 1983); *Maldonado v. Harris*, 370, F.3d 945, 951 (9th Cir.2004) (state agency
24 |

REPORT AND RECOMMENDATION - 3

not amenable to suit under § 1983). Defendant Washington State Department of Licensing is an agency of the State of Washington. *See* Wash. Rev.Code § 46.01.020. Therefore, because the Washington State Department of Licensing is not a "person" within the meaning of § 1983, Plaintiff has failed to state a claim upon which relief can be granted.

*Personal Participation.* In the proposed complaint, Plaintiff also fails to state the alleged wrong-doing of any individual Defendant. *See* Dkt. 1. He provides only a vague, generalized statement that the Washington State Department of Licensing violated the law when it suspended his license and installed an ignition interlock device on his vehicle following a conviction for driving under the influence. *Id.* at 5, 10. Plaintiff fails to state the alleged wrong-doing of any named individual who was acting under color of state law. Moreover, Plaintiff's statements are too conclusory to sufficiently show his rights were violated. As Plaintiff has not shown he suffered a violation of his constitutional rights that was caused by a person acting under color of state law, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

*Timeleiness*. Even if plaintiff identified a proper defendant under § 1983, his claim appears to be barred by the statute of limitations. Section 1983 contains no statute of limitations and the Court thus applies the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see*

*also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time-period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Here, the allegations in the proposed complaint occurred in 2015 when his license was allegedly suspended and the ignition interlock device was installed. *See* Dkt. 1-1 at 9-10. Thus, the statute of limitations expired, at the latest, in 2018. Plaintiff did not file this action until November 28, 2022, more than four years after the statute of limitaitons expired. As such, the proposed complaint was filed outside the three-year statute of limitations, and is, therefore, untimely on its face.

**Leave to Amend**. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). For the above stated reasons, Plaintiff has not stated a plausible claim. In particular, Plaintiff has named a defendant who cannot be sued under § 1983 and his claims are untimely on the face of the proposed complaint. Therefore, the Court finds leave to amend cannot save the proposed complaint and is not warranted in this case.

**Conclusion.** As Plaintiff has failed to state a claim upon which relief can be granted, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

1  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

2  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

3  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

4  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

5  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

6  January 6, 2023, as noted in the caption.

7      Dated this 22nd day of December, 2022.

                                             David W. Christel
                                             United States Magistrate Judge